NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 18 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LANE STOLL, an individual,

       Plaintiff - Appellant,

  v.

JBS USA FOOD COMPANY; SWIFT
BEEF COMPANY; DOES, 1 through 20,
inclusive,

       Defendants - Appellees.

No. 24-18

D.C. No.
5:21-cv-01111-JGB-SHK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted December 4, 2024
Pasadena, California

Before: OWENS, LEE, and KOH, Circuit Judges.

Lane Stoll appeals from the district court's summary judgment in favor of

JBS USA Food Company and Swift Beef Company in this diversity action. We

review the district court's grant of summary judgment de novo. *Hittle v. City of*

*Stockton*, 101 F.4th 1000, 1011 (9th Cir. 2024). As the parties are familiar with the

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

facts, we do not recount them here. We affirm in part, reverse in part, and remand for further proceedings consistent with this memorandum.

1. We review the district court's determination that paragraph 18 of Stoll's declaration is inadmissible under the sham affidavit rule for abuse of discretion. *Yeager v. Bowlin*, 693 F.3d 1076, 1079 (9th Cir. 2012). "In order to trigger the sham affidavit rule, the district court must make a factual determination that the contradiction is a sham, and the 'inconsistency between a party's deposition testimony and subsequent affidavit must be clear and unambiguous to justify striking the affidavit.'" *Id.* at 1080 (quoting *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998–99 (9th Cir. 2009)). Because the district court did not identify any such inconsistency between Stoll's deposition testimony and subsequent declaration, it abused its discretion in determining that the declaration was inadmissible.

2. "To assert a claim for whistleblower retaliation in violation of section 1102.5, 'the plaintiff [must] establish, by a preponderance of the evidence, that retaliation for an employee's protected activities was a contributing factor in a contested employment action.'" *Killgore v. SpecPro Pro. Servs., LLC*, 51 F.4th 973, 982 (9th Cir. 2022) (alteration in original) (quoting *Vatalaro v. County of Sacramento*, 294 Cal. Rptr. 3d 389, 398 (Cal. Ct. App. 2022)). "A 'contributing factor' includes 'any factor, which alone or in connection with other factors, tends

to affect in any way the outcome of the decision.'" *Lawson v. PPG Architectural Finishes, Inc.*, 503 P.3d 659, 664 (Cal. 2022) (citation omitted). Stoll need not show that his engagement in protected activity was a "substantial" or "motivating" factor in his termination. *See id.* at 665.

There is a genuine dispute as to whether Stoll's protected activity was a contributing factor to his termination. Stoll testified that employees who complained risked losing their jobs. He was fired shortly after complaining about wage and hour issues to the new general manager, who was involved in his termination. *See Bell v. Clackamas County*, 341 F.3d 858, 865 (9th Cir. 2003) ("Temporal proximity between protected activity and an adverse employment action can by itself constitute sufficient circumstantial evidence of retaliation in some cases."). Stoll had also voiced concerns about wage and hour issues to the corporate head of human resources, who ultimately drafted Stoll's termination letter.

Defendants contend Stoll was fired for his alleged role in the falsification of time records by a lower-level employee. However, they did not list that reason in his termination letter. There is no evidence that the individual who falsified the missed punch forms was disciplined for this conduct. Moreover, although four superintendents who reported to Stoll and Stoll signed off on the forms, only Stoll was disciplined. Notwithstanding Stoll's good performance reviews and generally

positive comments, the termination letter cited purported behavioral issues reported by a few select employees out of the over 400 employees Stoll managed. Viewing the evidence in the light most favorable to Stoll, he has presented sufficient evidence to raise a genuine dispute as to whether his complaints regarding the wage and hour issues were contributing factors to his termination.

Defendants may still prevail if they can show by clear and convincing evidence, that they would have terminated Stoll "for legitimate, independent reasons even had [Stoll] not engaged in protected activity." *Vatalaro*, 294 Cal. Rptr. 3d at 398. The district court did not reach this question. Because this question is not purely legal and involves a determination of whether there are genuine issues of fact, we reverse and remand to the district court to determine this question in the first instance. *See MacIntyre v. Carroll Coll.*, 48 F.4th 950, 956 (9th Cir. 2022).

3. To establish a prima facie case of discrimination under the Fair Employment and Housing Act (FEHA), Stoll must provide evidence of "circumstance suggest[ing] discriminatory motive." *Guz v. Bechtel Nat'l, Inc.*, 8 P.3d 1089, 1113 (Cal. 2000). We agree with the district court that the anti-Canadian comments made by two employees not involved in Stoll's termination, the purported "me too" evidence of five Canadian employees not similarly situated to Stoll, and the lack of discipline of four lower-level non-Canadian employees, do

4                                              24-18

not raise an inference of discrimination. We affirm the district court's grant of summary judgment on this claim.

4. "To establish a prima facie case of retaliation under the FEHA, a plaintiff must show (1) he or she engaged in a protected activity, (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." *Scotch v. Art Inst. of Cal.*, 93 Cal. Rptr. 3d 338, 366 (Cal. Ct. App. 2009) (citations and quotation marks omitted). Stoll has not shown any causal link between the termination of his employment and his alleged complaint of harassment to another employee who was not involved in his termination. We affirm the district court's grant of summary judgment on this claim.

5. Because Stoll cannot prevail on his FEHA discrimination and retaliation claims, we affirm the district court's grant of summary judgment on his derivative claims for 1) failure to prevent discrimination, harassment, and retaliation, 2) wrongful termination in violation of public policy, and 3) violation of the California Unfair Business Practices Act. *See Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 748 (9th Cir. 2011).

In sum, we reverse the district court's grant of summary judgment on Stoll's California Labor Code section 1102.5 claim, affirm the district court's grant of summary judgment as to the remaining claims, and remand for further proceedings

24-18

consistent with this memorandum.

**Affirmed in part, reversed in part, and remanded.**

24-18